IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTOINE LEON NICKENS,

                  Petitioner,

   v.                                                    OPINION and ORDER

WARDEN R.D. KEYES,                                      23-cv-553-jdp

                  Respondent.[1]

---

Antoine Leon Nickens, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply First Step Act time credits that would entitle him to placement in prerelease custody or supervised release. I will deny his petition.

I directed the government to respond to Nickens's claim that the BOP refuses to consider applying First Step Act time credits for anyone with a medium or high PATTERN risk assessment score, even though those inmates could qualify for placement in prerelease custody if the warden determines that the prisoner "would not be a danger to society . . . has made a good faith effort to lower their recidivism risk . . . [and] is unlikely to recidivate." 18 U.S.C. 3624(g)(1)(D)(i)(II). Nickens contends that the warden and BOP did not attempt to make this assessment, instead flatly denying his petition because he had a high risk assessment score.

---

[1] At the time that Nickens filed this petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Nickens is now at a Residential Reentry Center outside this district, but this court retains jurisdiction over the case. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

The government states that Nickens's petition is moot because shortly after I issued my order directing a response, the "unit team" reviewed Nickens's request for the application of his First Step Act time credits and recommended denying it. Dkt. 10-8, at 2. The team recommended denying Nickens's request because his criminal record contained repeated instances of Nickens absconding from community-based supervision and committing new offenses while on parole. *Id.* The BOP's program statement on implementation of First Step Act time credits states the following:

> Ordinarily, inmates considered inappropriate for early transfer to prerelease custody or supervised release under section (c)(2) include, but are not limited to, inmates who:
>
> . . . .
>
> Have a history of community-based supervision (i.e., probation, parole, supervised release, halfway house, home confinement, etc.) non-compliance to include technical violations, escape, absconding/eluding, and/or new criminal conduct.

BOP Program Statement 5410.01, "First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3624(d)(4)," Section 10.[2] Warden Keyes approved this recommendation by checking the box marked "Agree" on a memorandum about the review. *Id.* at 1.

I agree with the government that Nickens's petition is moot because he received the individualized assessment of his request to apply his First Step Act time credits that he contended the BOP was not giving inmates.

In his reply, Nickens changes course, essentially arguing that the unit team and warden incorrectly denied his request to apply his time credits because he a less serious risk of

---

[2] https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

recidivism than other categories of inmates the BOP has allowed to receive those credits. Nickens didn't raise this issue as a ground for relief in his original petition, but even if he had, I would deny him relief on that ground under 18 U.S.C. § 3625 because the warden's discretionary assessment of the merits of Nickens's request is not reviewable by this court. *Accord, Mars v. Heisner*, No. CV-22-1933, 2023 WL 4977335, at *5 (D. Ariz., June 26, 2023), *report and recommendation adopted*, No. CV-22-1933, 2023 WL 4960411 (D. Ariz., Aug. 3, 2023) (because the judicial review provisions of the Administrative Procedure Act do not apply to decisions made under 18 U.S.C. § 3624, courts may not review a BOP decision declining to apply time credits towards prerelease custody, unless the decision is contrary to established federal law, violates the Constitution, or exceeds the BOP's statutory authority); *Walker v. Fikes*, No. 2:22-CV-41, 2023 WL 4004123, at *2 (S.D. Ga. May 16, 2023), *report and recommendation adopted*, No. 2:22-CV-41, 2023 WL 3997068 (S.D. Ga. June 14, 2023) ("Where Congress precludes judicial review of an agency decision by statute, judicial review of that decision is limited to whether the agency acted outside its statutory limits or violated the Constitution.").

ORDER

IT IS ORDERED that:

1. Petitioner Antoine Leon Nickens's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED as moot.

2. The clerk of court is directed to enter judgment and close this case.

Entered May 13, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge